UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TIM FOLKER,

    Plaintiff,

v.                                      Case No. 3:17cv687-RV-CJK

CHERYL HALL,

    Defendant.
_____/

REPORT AND RECOMMENDATION

This matter is before the court on defendant Cheryl Hall's notice of removal (doc. 1) and motion to proceed *in forma pauperis* (doc. 2). Hall seeks to remove a case filed in Escambia County, Florida, to this court. In the underlying state-court action, plaintiff Tim Folker seeks to evict Hall from a rental property.

"To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551, 190 L. Ed. 2d 495 (2014) (*quoting* 28 U.S.C. § 1446(a)). Hall argues the case from Escambia County is removable because: (1) Folker "intentionally fail[ed] to allege compliance with the Civil Rights Act of 1968"; (2) Hall "is Afro American and [Folker] is Caucasian"; and (3) "there is a discrimination issue based on how [Hall] is talked to and the words used." Hall, however, has not established

the state-court complaint presents a federal question. *See Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("A removing defendant bears the burden of proving proper federal jurisdiction.").

"A case . . . may be removed based on federal question jurisdiction 'only when the plaintiff's statement of his own cause of action shows that it is based' on federal law." *Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns*, 182 F.3d 851, 854 (11th Cir. 1999) (*quoting Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908)). A review of Folker's complaint for eviction shows it does not implicate federal law.* *See Savannah Midtown LLC v. McDonald*, No. 1:13cv3530-WSD, 2013 WL 6196559 at *3 (N.D. Ga. Nov. 27, 2013) ("An eviction or dispossessory action is a process governed by state law that does not typically implicate federal law."). And although Hall claims Folker spoke to her in a discriminatory manner, her response to Folker's complaint cannot establish federal-question jurisdiction. *See Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1309 (11th Cir. 2001) ("The federal cause of action or question of federal law must be apparent from the face of the well-pleaded complaint and not from a defense or anticipated defense."). Because Hall failed to establish this court has subject-matter jurisdiction over the removed case, remand is required. *See* 28 U.S.C. § 1447(c) ("If at any time before

---

* Hall did not provide the court with a copy of the state-court complaint. The complaint, however, was reviewed on the Escambia County Clerk of Court's website. *See* http://74.174.28.52/BMWebLatest/Home.aspx/Search (last visited Sept. 18, 2017).

Case No. 3:17cv687-RV-CJK

final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly, it is respectfully RECOMMENDED:

1. That defendant's motion to proceed *in forma* pauperis (doc. 2) be GRANTED for the limited purpose of remanding this case to state court.

2. That Escambia County Court Case No. 2017 CC 003186 be REMANDED to the state court from which it was removed.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 18th day of September, 2017.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.